UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE A. MELIUS,

          Plaintiff,          Civil Action No.: 15-10820
                                    Honorable Denise Page Hood
          v.                       Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

          Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT [R. 9, 10]**

    Plaintiff Bruce A. Melius appeals a final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for supplemental security income benefits ("SSI") under the Social Security Act (the "Act").  Both parties have filed summary judgment motions, referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  The Court finds that the Administrative Law Judge ("ALJ") failed to give good reasons for the weight given to the treating physician opinion of record, and for this reason, the Court **RECOMMENDS** that:

- the Commissioner's motion **[R. 10]** be **DENIED**;

- Melius's motion **[R. 9]** be **GRANTED IN PART** to the extent it seeks remand, but **DENIED IN PART** to the extent it seeks reversal and a direct award of benefits; and

- the Commissioner's decision be **REMANDED** for further consideration, pursuant to sentence four of 42 U.S.C. § 405(g).

I.   **BACKGROUND**

   A.   **Melius's Background and Disability Application**

Melius was 47 years old on his alleged disability onset date of January 11, 2012. [R. 7-3, Tr. 82]. He had previously been a self-employed drywall hanger from 1992 to 2010 and also worked in maintenance at a motel for four months in 2010. [R. 7-6, Tr. 236]. He alleged that he was disabled from back injury, insomnia, high blood pressure, and high cholesterol. [*Id.*, Tr. 235]. Additionally, record evidence and testimony showed impairments of the shoulder, hip, and knee. [R. 7-7, Tr. 349, 458, 698, 700, 702].

Melius filed an application for SSI benefits in February 2012, which was denied. [R. 7-5, Tr. 205-208; R. 7-4, Tr. 93-96)]. He then filed a request for hearing which was untimely, but for good cause, and an administrative hearing was held in September 2013 at which he and a vocational expert ("VE") testified. [R. 7-2, Tr. 13]. In an October 25, 2013

written decision, the ALJ found Melius to be not disabled. [*Id.*, Tr. 13-20]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. [*Id.,* Tr. 1–5]. Melius timely filed for judicial review. [R. 1].

### B.   The ALJ's Application of the Disability Framework Analysis

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled. 20 C.F.R. § 416.920(a)(4). Second, if the claimant has not had a severe impairment or a combination of such impairments[1] for a continuous period of at least 12 months, no disability will be found. *Id.* Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled. *Id.* If the fourth step is reached, the Commissioner considers its

---

[1] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 920(c).

3

assessment of the claimant's residual functional capacity ("RFC"), and will find the claimant not disabled if he or she can still do past relevant work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994). [2]

Applying this framework, the ALJ concluded that Melius was not disabled. At the first step, he found that Melius had not engaged in substantial gainful activity since his application date. [R. 7-2, Tr. 15]. At the second step, he found that Melius had the severe impairments of degenerative disc disease, back pain, leg pain, and shoulder pain. [*Id.,* Tr. 15]. Next, the ALJ concluded that none of Melius's impairments, either alone or in combination, met or medically equaled the severity of the listed impairments, paying close attention to listing 1.02 (major dysfunction of a joint(s) due to any cause) and listing 1.04 (disorders of the spine). [*Id.*, Tr. 15-16].

---

[2] Opinions analyzing applications for Disability Insurance Benefits are applicable because the same standards apply to SSI claims. *See* 20 C.F.R. §§ 404.1520 and 416.920.

At the fourth step, the ALJ found that Melius had the residual functional capacity ("RFC") "to perform unskilled light work as defined in 20 CFR 416.967(b) except that he can never climb ladders/ropes/scaffolds, but can occasionally climb ramps/stairs, stoop, kneel, crouch, or crawl. He can frequently reach, including overhead, with his upper extremities." [*Id.*, Tr. 16]. Due to these limitations, the ALJ found that Melius could not perform his past relevant work due to its physical demands. [*Id.*, Tr. 18]. After considering Melius's age, education, work experience, RFC, and the testimony of the VE, the ALJ found at step five that Melius could perform a significant number of other jobs in the national economy, including car wash attendant (46,418 jobs in the United States), cashier II (817,407 jobs), and sales attendant (200,213 jobs). [R. 7-2, 19-20]. Thus, the ALJ found that Melius was not disabled.

**II.     ANALYSIS**

**A.**

Pursuant to § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such

5

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted). Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

The significant deference accorded the Commissioner's decision is conditioned on the ALJ's adherence to governing standards. "Chief among these is the rule that the ALJ must consider all evidence in the record when making a determination, including all objective medical evidence, medical signs, and laboratory findings." *Gentry*, 741 F.3d at 723. *See also Rogers*, 486 F.3d at 249. In other words, substantial evidence cannot be based upon fragments of the evidence, and "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (internal quotation marks and citation omitted).

The Commissioner must also adhere to its own procedures, but failure to do so constitutes only harmless error unless the claimant has been prejudiced or deprived of substantial rights. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. 2009). On the other hand, substantial errors like ignoring evidence in the record or failing to follow the

treating physician rule are not harmless. *Id.*; *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011); *Gentry*, 741 F.3d at 729.

Melius argues that the ALJ erred by failing to give controlling weight to an opinion from his treating physician, Martin Jennings, D.O., and that the ALJ failed to properly assess his credibility. The Court finds merit with the first argument, which will necessarily require a reevaluation of his credibility on remand.

## B.

The "treating physician rule" requires an ALJ to give controlling weight to a treating physician's opinions regarding the nature and severity of a claimant's condition when those opinions are well-supported by medically acceptable clinical and diagnostic evidence, and not inconsistent with other substantial evidence. *Gentry*, 741 F.3d at 723, 727-29; *Rogers*, 486 F.3d at 242-43. If an ALJ gives less than controlling weight to a treating source's opinion, she must provide "good reasons" for doing so that are "supported by the evidence in the case record, and … sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527(c)(2); SSR 96–2p, 1996 WL

374188, at *5 (July 2, 1996)). Courts will not hesitate to remand when the ALJ failed to articulate "good reasons" for not fully crediting the treating physician's opinion. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir.2004).

Here, the ALJ gave "little weight" to the opinions of Dr. Jennings, the treating physician and the only acceptable medical source under 20 CFR 416.902 that is cited in the opinion. [R. 7-2, Tr. 17]. Dr. Jennings examined Melius 20 times from June 2010 to early 2013. [R. 7-7, Tr. 373-95; 610-94]. In a September 2013 medical needs form, Dr. Jennings opined that Melius's disc, spine and shoulder disorders limited him to frequent carrying of less than 10 pounds, occasional lifting or carrying of 10 pounds, and no lifting or carrying of more than 25 pounds. [*Id.*, Tr. 702-03]. He defined frequent as two-thirds of an 8 hour day, and occasional as one-third of an 8 hour day. [*Id*]. Dr. Jennings further limited Melius to standing or walking less than 2 hours in an 8 hour day, but imposed no limitations on his sitting. [*Id.*].

The ALJ found Dr. Jennings's opinion that Melius could only occasionally lift or carry ten pounds to be contradicted by Melius's testimony that he walks about one half of a mile daily while "often carrying two ten pound grocery bags." [R. 7-2, Tr. 17, 39, 43-45]. The ALJ also

8

faulted Dr. Jennings for failing to "opine about how long the claimant could sit during an eight-hour workday," finding it somehow contradictory to an opinion that Melius could only stand or walk for less than two hours in an eight-hour day. [*Id.*]. Finally, the ALJ found Dr. Jennings' September 2013 opinion to conflict with a July 2011 treatment record, in which Dr. Jennings stated that Melius was only restricted to lifting less than thirty pounds, in addition to "no overhead reaching, no bending, and no heights." [*Id.*; Tr. 7-7, Tr. 381]. These are not good reasons for discounting Dr. Jennings' opinion.

Melius testified that he daily walks a quarter-mile (not a half-mile) from the store to home carrying at most 10 pounds on each arm. [R. 7-2, Tr. 43-45]. At a slow pace of 20 minutes per mile, a quarter mile walk would take him about 5 minutes. So, Melius's testimony establishes only that he carries up to 20 pounds for about 5 minutes out of the whole day. This does not contradict Dr. Jenning's opinion that Melius can carry or lift less than 10 pounds for two-thirds of an 8 hour day (320 minutes), occasionally carry or lift 10 pounds for one-third of an 8 hour day (160 minutes), and never carry more than 25 pounds. [R. 7-7, Tr. 702-03].

Likewise, the lack of a sitting limitation does not constitute a good reason for the ALJ to give Dr. Jennings' opinion little weight. The medical

9

needs form Dr. Jennings' filled out does not include an option for no sitting limitation; the boxes give the physician the options of choosing that that the patient is limited to sitting about 6 hours or less than 6 hours in an 8 hour days. [*Id.,* Tr. 702]. If the patient has no sitting limitations, the obvious choice is for the physician to check no box. The ALJ's conclusion that the lack of a sitting limitation is contradictory to Dr. Jennings' opinion that Melius is limited in other respects makes no sense and is not a good reason for assigning Dr. Jennings' opinion little weight.

The ALJ's reliance on Dr. Jennings' treatment record from July 2011 in deciding to give the September 2013 opinion little weight is also without merit. [R. 7-2, Tr. 17]. Melius suggests that the July 2011 treatment record is irrelevant because it precedes his alleged onset date of February 11, 2012, but reports that predate an alleged onset date of disability are not inherently irrelevant. For example, in *Kiser v. Colvin*, 2013 WL 5488525 at *12 (E.D. Tenn. Oct. 2, 2013), medical evidence that predated the alleged onset date was relevant because there was no evidence of no new injuries or degenerative changes. The same is not true here; the medical evidence demonstrates that Melius showed decline after July 2011.

In April 2012, Dr. Jennings referred Melius to physical therapy because he was experiencing increased back pain and decreased

functional mobility of his low back, bilateral lower extremities, left upper extremity and upper back and neck. [R. 7-7, Tr. 612, 635]. Melius attended 7 physical therapy sessions in May 2012, but his June 2012 appointment was cancelled because of a lack of insurance authorization. [*Id.*, Tr. 635]. Further, while Dr. Jennings did not record that Melius was experiencing muscle spasms or a decreased range of motion in his back in July 2011 or for the remainder of the year, [*Id.*, Tr. 648-49, 653-56], those symptoms were noted in November 2012. [*Id.,* Tr. 617-18]. Additionally, x-rays taken from December 2011 to August 2013 showed new or progressing degenerative changes in Melius' neck, hip and knees. [*Id.*, Tr. 464, 698, 700]. Given this evidence, the opinion from July 2011 does not constitute "'well-supported contradicting evidence' such that the treating physician's evidence is 'no longer entitled to controlling weight.'" *Fedak v. Comm'r of Soc. Sec.*, 2014 WL 806435, at *12 (E.D. Mich. Feb. 28, 2014) (quoting *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008)).

    For all of these reasons, the ALJ failed to give good reasons for giving little weight to Dr. Jennings' 2013 opinion, and the Court should not

hesitate to remand. *Wilson,* 378 F.3d at 541. [3]

## III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion **[R. 10]** be **DENIED**, Melius's motion **[R. 9]** be **GRANTED IN PART** to the extent it seeks remand, but **DENIED IN PART** to the extent it seeks reversal and a direct award of benefits, and the Commissioner's decision be **REMANDED** for further consideration.

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: February 9, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

---

[3] Of further note, the RFC crafted by the ALJ indicates that Melius can "frequently reach, including overhead, with his upper extremities," which conflicts with Dr. Jennings's less-restrictive 2011 report that the ALJ relies upon in giving the 2013 opinion little weight. [R. 7-2, Tr. 18; R. 7-7, Tr. 656].

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
